SANDERS v. SOUTHERN TRACTION CO. OF ILLINOIS et al.

(District Court, E. D. Illinois. August 29, 1918.)

No. 927.

1. RAILROADS ☞171(7)—LIENS—PRIORITY—MORTGAGES.

Under Railroad Lien Law Ill. § 1, declaring that persons who furnish to railroad company materials for construction, etc., shall be entitled to be paid for the same as part of the current expenses, and shall have a lien as against all mortgages which shall accrue after delivery, the lien of contractors constructing railroad is prior to a previously recorded mortgage given to secure bonds of the railroad corporation.

2. RAILROADS ☞171(3)—LIENS—PRIORITY.

Liens against railroads for current expenses are preferred over a prior recorded mortgage.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. RAILROADS ☞171(2)—LIENS—RECORDATION.

A recorded mortgage does not become a lien on property mortgaged until the money or consideration has been actually received by the mortgagor; so the mere recording of a mortgage given by a railroad company to secure bonds did not create a lien superior to contractors' mechanics' liens.

In Equity. Suit by Jared Y. Sanders against the Southern Traction Company of Illinois and others. On exceptions to the master's report. Decree in favor of priority of mechanic's lien claimant.

John C. Slade and Joseph W. Moses, both of Chicago, Ill., for trustee Union Trust & Savings Bank of East St. Louis, Ill.

Rice, Lowes & O'Neil, of Chicago, Ill. (Francis M. Lowes, of Chicago, Ill., and Dan McGlynn, of East St. Louis, Ill., of counsel), for defendant Lorimer & Gallagher Co.

ENGLISH, District Judge. The report of the master in chancery having been filed and numerous exceptions taken thereto, August 5, 1918, was set for the date on which arguments were had before court upon questions raised by the exceptors.

At the date of argument it was determined and agreed by counsel that, certain principal questions involved being first determined, other and minor questions would be materially simplified, if not fully determined.

One of the principal and perhaps the most important of all the questions raised by the exceptors is that of "priority" as between the mortgage lien held by the trustee to secure bonds issued by the railroad company and that of the mechanic's lien claimed by the construction company (Lorimer & Gallagher), which presents the single question of priority as between a prior mortgage lien and mechanic's lien.

In the argument and discussion, which lasted five days, this was the main question touched upon. Other questions were incidentally mentioned, some of which were argued at considerable length, but most, if not all, related to the one main question.

I do not deem it necessary at this time, neither do I think counsel expect the court, to consider and pass upon issues other than the one of priority as between the mortgage upon the railroad in question and mechanic's lien filed by the company which constructed and built the railroad.

The mortgage in question was executed, recorded, and delivered at a date prior to the contract entered into, upon which the mechanic's lien is based, and ordinarily is what would be termed a prior lien.

The mechanic's lien in question is authorized by the statute of the state of Illinois, the terms of which attempt to fix the status of mechanics' liens and their priority as to all other liens on railroad against which the mechanics' liens are filed.

[1, 2] This being a lien fixed, determined, defined, and allowed by the statute of the state of Illinois, such statute must necessarily largely determine the question at issue.

The railroad lien act of Illinois (Hurd's Rev. St. 1917, c. 82, § 7), which is relied on by counsel for mechanics' liens claimants, is as follows:

"Section 1. Be it enacted by the people of the state of Illinois, represented in the General Assembly, that all persons who may have furnished, or who shall hereafter furnish to any railroad corporation now existing, or hereafter to be organized under the laws of this state, any fuel, ties, materials, supplies, or any other article or thing necessary for the construction, maintenance, operation or repair of such roads, by contract with said corporation, or who shall have done and performed, or shall hereafter do and perform any work or labor for such construction, maintenance, operation or repair by like contract, shall be entitled to be paid for the same as part of the current expenses of said road; and in order to secure the same, shall have a lien upon all of the property, real, personal and mixed, of said railroad corporation as against such railroad, and as against all mortgages or other liens which shall accrue after the commencement of the delivery of said articles, or the commencement of said work or labor."

Following this section is a provision of the statute which applies to the subcontractor, but for the purpose of this discussion the lien claimant in this case is regarded as the original contractor. Therefore only that portion of the statute above quoted applies.

A solution of the question here involved depends almost wholly upon the interpretation given statute above quoted. Some authorities cited are quite helpful, and much argument made by counsel is quite illuminating upon some uncertainties which heretofore existed in the mind of the court as to meanings to be given to certain language and words in the said statute.

At the time this statute was enacted it was then (and is now) not an uncommon practice for railroad corporations, before any considerable amount of property had been secured, and before any work had been done, to issue bonds for the purpose of securing money with which to build or construct its railroad. The framers of this law, evidently having in mind this practice of railroad corporations, drafted and enacted the railroad mechanic's lien statute as above quoted. Too, the legislative body must have had in mind the rule of law that a mortgage did not attach to or convey property not owned by mortgagor at the time of its execution and delivery.

By the use of the word "accrue" the Legislature evidently intended that same should be construed to mean that the mortgage did not accrue—that is, become attached to any of the property—until such property was actually owned by or came into the possession of the railroad company. The Legislature must have understood and intended that none of the road built by the construction company became the property or into possession of the railroad company until built, constructed, created, and put into the possession of the railroad company by the construction company. The Legislature must have further understood and intended that, when such constructed road so came into the possession of the railroad company, then, and not until then, did its mortgage attach and become a lien. Therefore, when such railroad so constructed came into the possession of the railroad company, it came charged with the statutory rights of its builder and creator in the form of a mechanic's lien, which was an incumbrance prior to the time the mortgage lien accrued, attached, or became effective.

A mechanic's lien against a railroad shall be paid "as part of the current expenses of said road," and according to decisions of the Supreme Court of Illinois liens against railroads for current expenses are liens preferred as against a prior recorded mortgage. The expense of construction is to be paid for upon the same basis as that of current expenses, therefore the logical conclusion is that a lien for construction work must be preferred over a prior recorded mortgage to secure bonds of the corporation.

[3] A recorded mortgage does not become a lien on property mortgaged until the money or consideration therefor has been actually realized or received by the mortgagor. In the case at bar nothing was received by way of consideration until the railroad was built or constructed. The mere recording of the mortgage did not of itself create a lien, and no lien in fact existed or could exist until the railroad or some part thereof was built, or until some material was furnished; and when such road, or some part thereof, was built, or when some material was furnished, the mechanic's lien had already attached before the mortgage in fact became a lien thereon.

The Illinois Railroad Lien Law employs the following language:

"And in order to secure the same, shall have a lien upon all of the property, real, personal and mixed, * * * as against all * * * other liens which shall accrue after the commencement of the delivery of said articles. * * *"

Counsel in behalf of the construction company, in construing this provision, cites the case of Brooks v. Railroad Co., 101 U. S. 443, 25 L. Ed. 1057, which construes a lien statute of Iowa (Code 1873, § 2139) that provides in substance that:

"A mechanic has, for labor done or things furnished, a lien on the entire land upon which the building * * * was made, which has been held to include railroads, and it shall be preferred to all other liens * * * which shall be attached to or upon such building * * * made subsequently to the commencement of said building. * * *"

Counsel for mortgagee urges that there is quite a distinction between the two lien statutes. I am unable to agree with such contention, but, on the contrary, I am clearly of the opinion that there is a striking similarity between them, so much so that, without other reasons, I would feel impelled to hold in case at bar, as the Supreme Court did in that case, that the mechanic has a lien superior to the prior recorded mortgage, and that such lien extends to the entire length of the railroad in question.

It is therefore the opinion of the court that mechanic's lien in this case is entitled to priority in payment over the mortgage held by the trustee to secure payment of the bonds issued by the railroad company.